UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYLER PURVIS-MITCHELL,

                Petitioner,
    v.                                                    9:20-CV-01224
                                                                 (MAD)
ANTOINETTE T. BACON, Acting U.S. Attorney;
DIRECTOR OF UNITED STATES MARSHAL
SERVICE; CRAIG APPLE, Sheriff of Albany County;
and all other persons exercising direct legal control
over petitioner,

                Respondents.
_____

APPEARANCES:                                              OF COUNSEL:

TYLER PURVIS-MITCHELL
Petitioner, pro se
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

       Petitioner Tyler Purvis-Mitchell seeks federal habeas relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet.").  The same day the petition was filed, the Court also received the statutory filing fee.  *See* Dkt. Entry for Pet. (identifying receipt information for the filing fee transaction).

**II.    THE PETITION**

       It is difficult to decipher which criminal action petitioner challenges.  Petitioner identifies two pending criminal cases here in the Northern District of New York before the

undersigned. Pet. at 2 (citing *United States v. Purvis-Mitchell*, No. 1:19-CR-0197 (MAD) ("*Purvis-Mitchell I*"); *United States v. Purvis-Mitchell*, No. 20-CR-0157 (MAD) ("*Purvis-Mitchell II*")). During the last appearance for a representation hearing, on October 2, 2020, petitioner was permitted to proceed *pro se* and informed that no criminal trials were currently taking place due to the pandemic. *See Purvis-Mitchell I*, Text Minute Entry dated 10/02/20; *Purvis-Mitchell II*, Text Minute Entry dated 10/02/20. Furthermore, it was noted that the final revocation hearing for *Purvis-Mitchell I* was adjourned without date, but would be addressed closer to petitioner's trial for the charges in *Purvis-Mitchell II*; however, because no trials can currently be held that date is unknown. *See Purvis-Mitchell I*, Text Minute Entry dated 10/02/20; *Purvis-Mitchell II*, Text Minute Entry dated 10/02/20. Petitioner was then remanded to Albany County Correctional Facility. *See Purvis-Mitchell I*, Text Minute Entry dated 10/02/20; *Purvis-Mitchell II*, Text Minute Entry dated 10/02/20.

Petitioner states that he is "commited [*sic*] for trial and a final revocation hearing as to supervised release," and that his "custody [is] in violation of the 4th, 5th, 6th, 8th, and 14th amendment of the Constitution." Pet. at 2. Petitioner specifically contends that he is entitled to federal habeas relief because (1) there was an *unlawful* parole warrant lodged against him in contravention of the Fourth Amendment, *id.* at 3; (2) his court proceedings failed to comply with Rule 5 of the Federal Rules of Criminal Procedure, *id.* at 4; (3) his due process rights were violated by the unlawful parole warrant and the government's seizure of his cash and cell phone, *id.* at 5-6; and (4) his Sixth Amendment rights were violated because several court-appointed counsel have been so incompetent that petitioner was forced to represent himself (*id.* at 6-8). For a complete statement of petitioner's claims, reference is made to the

petition.

### III. DISCUSSION

Petitioner requests that this Court produce him and have a hearing regarding whether "he should be given his liberty," essentially seeking release from custody. Pet. at 10. However, petitioner's request seeks to have the Court intervene in a pending federal criminal matter and order his release from detention.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020). While *Younger* applies explicitly to pending state court claims, "federal courts have applied the abstention doctrine . . . when asked to enjoin or dismiss enforcement of federal criminal proceedings." *Ali v. United States*, No. 12-CV-0816A, 2012 WL 4103867, at *1 (W.D.N.Y. Sept. 14, 2012) (citing cases); *see also Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020) (explaining *Younger*'s holding, that equitable principles compel federal courts to abstain from enjoining ongoing criminal prosecutions whereupon the prosecution itself provides a legal remedy, and concluding that "when asked to intervene in pending federal criminal proceedings, courts have inevitably refused.") (citing cases).

Accordingly, this Court cannot provide petitioner with the relief requested; therefore, the petition is dismissed. "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas*, 2020 WL 2192716, at *2. Furthermore, "if [petitioner] is not

3

satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter.  *Id.*

IV.   **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 13, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge