UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYLER PURVIS-MITCHELL,

                     Petitioner,
     v.                                           9:20-CV-01224
                                                     (MAD)

ANTOINETTE T. BACON, Acting U.S. Attorney;
DIRECTOR OF UNITED STATES MARSHAL
SERVICE; CRAIG APPLE, Sheriff of Albany County;
and all other persons exercising direct legal control
over petitioner,

                     Respondents.
_____

APPEARANCES:                                               OF COUNSEL:

TYLER PURVIS-MITCHELL
Petitioner, pro se
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Tyler Purvis-Mitchell seeks federal habeas relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet.").  On October 13, 2020, the Court dismissed the petition in its entirety.  Dkt. No. 2, Decision and Order ("October Order); Dkt. No. 3, Judgment.  Petitioner then filed the instant motion for reconsideration.  Dkt. No. 5.

### II.   RECONSIDERATION

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented.  *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Petitioner submitted a motion to reconsider the October Order, contending that (1) he is challenging his illegal detention, "the mandate under which [he] is held, and the jurisdiction of the inferior courts" for which a habeas petition is the appropriate procedural vehicle and (2) this Court improperly applied the *Younger* abstention "because petitioner is not seeking to . . . enjoin any criminal action . . . only [for] immediate release from the unlawful detainment in itself[.]" Dkt. No. 5 at 3-4.

Petitioner has not provided any reason which justifies reconsideration of the October Order.  While petitioner is correct, that challenges to unconstitutional detention can occur via a habeas petition, he neglects to address the fact that his allegedly unlawful detention is pursuant to two pending criminal actions in this District.  October Order at 1-2.  As outlined in the October Order, petitioner has recourse available to him for the alleged unconstitutional actions which have occurred.  *Id.* at 3-4.  Specifically, they include making appropriate motions before the criminal court in which his actions are pending or filing a direct appeal or proper habeas petition thereafter.  *Id.*  Those are the appropriate procedural vehicles presently available to petitioner: he cannot seek release through another channel while his

criminal matters remain pending. His attempt to otherwise reframe his arguments is unpersuasive because, at its core, petitioner's motion still puts forth the contentions which this Court has already considered and rejected. October Order at 3-4. Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's October Order. In sum, petitioner's motion is nothing more than conclusory assertions which amount to little more than a disagreement with the Court's former orders. Petitioner's disagreement with this Court's decisions is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision is not warranted.

### III.    RULE 60

Additionally, a provision of the Federal Rules of Civil Procedure also allow for reconsideration of final judgement. Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**
>
> On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
> (2)    newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)    fraud, misrepresentation, or misconduct;
> (4)    the judgment is void;
> (5)    the judgment has been satisfied, released, or discharged; or
> (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v.*

*Crosby*, 545 U.S. 524, 534 (2005)).  "Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances."  *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

"A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry of judgment."  *Flemming*, 2013 WL 4831197, at *12.  "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'"  *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Here, even under a liberal interpretation of this motion, petitioner has failed to allege facts demonstrating that any of the grounds listed in the clauses of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under the catch-all provision of Rule 60(b)(6).  Instead, petitioner seeks to again challenge the merits of his claim.  In sum, petitioner has not advanced an argument in response to the October Order's reasoning or otherwise provided information suitable to change the Court's prior decision.

IV.   CONCLUSION

WHEREFORE, it is

ORDERED that petitioner's motion, Dkt. No. 5, is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 3, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge